**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMUNITY FUND LLC,                    No. C-12-4257 DMR

        Plaintiff(s),          **ORDER GRANTING IFP
                                       APPLICATION, REMANDING CASE
    v.                             TO SUPERIOR COURT OF
                                       CALIFORNIA**
RICARDO E. BURGESS,

        Defendant(s).
_____/

     Defendant Ricardo Burgess removed this case pursuant to 28 U.S.C. § 1441 from Contra

Costa County Superior Court, where it was pending as a complaint for unlawful detainer against

Defendant. The Notice of Removal states that the Complaint presents a federal question such that

the case could have originally been filed in this Court. (Notice of Removal ¶ 6.) Defendant has also

filed an application to proceed *in forma pauperis* ("IFP").

     When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly

appears on the face of the notice and any exhibits annexed thereto that removal should not be

permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties

have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c), [Docket Nos. 7, 11], and

the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D.

Cal. Civ. L.R. 72-1. For the reasons given below, the court grants Defendant's IFP application and

remands the case to state court.

**United States District Court**
For the Northern District of California

## I.  IFP Application

Having evaluated Defendant's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP application. The court next turns to the issue of subject matter jurisdiction.

## II.  Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830.  The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendant's Notice of Removal, a federal question arises because Plaintiff Community Fund, LLC "failed to comply with The Protecting Tenants at Foreclosure Act," 12 U.S.C. § 5220.  (Notice of Removal ¶ 8.)  The complaint that Plaintiff filed in Contra Costa County Superior Court, however, simply alleges a state cause of action under unlawful detainer.  (*See generally* Compl.)  Whatever Defendant intends to argue in response to this allegation does not give rise to removal jurisdiction. *Wells Fargo Bank v. Kravitz*, No. 11-5698 LB, 2012 WL 216379, at *1 (N.D. Cal. Jan. 24, 2012) (remanding unlawful detainer case to state court because invoking Protecting Tenants at Foreclosure Act does not create federal question jurisdiction).

## III.  Conclusion

1    For these reasons, the court grants Defendant's IFP application and remands this action to the

2    Contra Costa County Superior Court.[1]

3    IT IS SO ORDERED.

4

5    Dated:  August 29, 2012



6    _____
     DONNA M. RYU
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[1] The court denies Plaintiff's pending motion to remand, [Docket No. 6], as moot.